**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EARL A. PONDEXTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 01-2161 |
| | ) |
| | ) |
| ALLEGHENY COUNTY HOUSING | ) |
| AUTHORITY, | ) |
| Defendant | ) |

<u>**ORDER**</u>

CONTI, District Judge

Pending before the court is plaintiff's motion for reconsideration (Doc. No. 97) of this court's order dated February 23, 2005, which denied plaintiff's motions to disqualify Attorney Thomas McPoyle ("McPoyle")(Doc. No. 94).  In denying plaintiff's motion, the court stated that disqualification of McPoyle was not appropriate because McPoyle did not violate Rule of Professional Conduct 4.2.  In addition, the court determined that it is for defendant, not plaintiff, to determine if McPoyle is unable to effectively represent his client.  The court concluded that defendant is best positioned to determine if McPoyle is capable of adequately representing its interests.

Plaintiff does not address any of the points raised in his original two motions for disqualification in this motion for reconsideration.  Rather, plaintiff argues that Rule of Professional Conduct 3.7 requires that McPoyle be disqualified.

The United States Court of Appeals for the Third Circuit has held that a district court:

1

should disqualify an attorney only when it determines, on the facts of a particular case, that disqualification is an appropriate means of enforcing the applicable disciplinary rule. It should consider the ends that the disciplinary rule is designed to serve and any countervailing policies, such as permitting a litigant to retain the counsel of his choice and enabling attorneys to practice without excessive restrictions.

United States v. Miller, 624 F.2d 1198, 1201 (3d Cir. 1980).  "The party that seeking to disqualify opposing counsel bears the burden of showing that continued representation would be impermissible."  Cohen v. Oasin, 844 F.Supp. 1065, 1067 (E.D. Pa. 1994).

Pursuant to Local Rule 83.3.1(B) of the United States District Court for the Western District of Pennsylvania, "[t]he rules of professional conduct adopted by this court are the rules of professional conduct adopted by the Supreme Court of Pennsylvania, as amended from time to time by the state [.]"  The Pennsylvania Supreme Court enacted Rules of Professional Conduct on April 1, 1988.  See 42 PA. CONS. STAT. ANN., Rules of Professional Conduct, Historical Note.

The applicable provision of Rule 3.7 states:

**Rule 3.7 *Lawyer as Witness***

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>  (1) the testimony relates to an uncontested issue;
>  (2) the testimony relates to the nature and value of legal services rendered in the case; or
>  (3) disqualification would work substantial hardship on the client.

42 PA. CONS. STAT. ANN., Rule of Professional Conduct 3.7.

While this court's order of June 9, 2005, did authorize plaintiff to amend his witness list to include McPoyle, it also held that the court would withhold judgment on the issue of relevancy and allow defendant the opportunity to file motions in limine to preclude testimony of witnesses named in plaintiff's pre-trial statement on relevancy grounds.  Therefore, to disqualify McPoyle

2

on the grounds that he is a potential witness strikes this court as a bridge too far. The court has yet to even determine if McPoyle will be a witness or if his testimony is at all relevant to the issues to be tried in this case.

In addition, as this court had stated in its order of February 23, 2005, the defendant's interest in selecting the counsel of its choice must be respected. Defendant is best positioned to determine if McPoyle is capable of adequately representing its interests.

AND NOW, this 30th day of August 2005, the plaintiff's motion for reconsideration (Doc. No. 97) is DENIED.

By the court,

/s/ Joy Flowers Conti

Joy Flowers Conti
United States District Judge

cc:    Earl A. Pondexter
       110 West 14th Avenue
       Homestead, PA 15120


       Thomas J. McPoyle
       Allegheny County Housing Authority
       625 Stanwix Street
       12th Floor
       Pittsburgh, PA 15222