IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EARL A. PONDEXTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 01-2161 |
| | ) |
| ALLEGHENY COUNTY HOUSING AUTHORITY, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM ORDER

CONTI, District Judge

Plaintiff Earl Pondexter ("plaintiff") filed various motions (Doc. Nos. 100-1, 100-2, 100-3 & 100-4) with this court in the above captioned case on August 31, 2005. Defendant Allegheny County Housing Authority ("ACHA" or "defendant") has not filed a response to any of these motions.

    a. <u>Motion for Judgment on the Pleadings</u>

While it is difficult, based on plaintiff's pleadings, to determine exactly what relief plaintiff seeks in his various motions, the court will construe plaintiff's first motion in Doc. No. 100 as a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Federal Rule of Civil Procedure 12(c) states:

> After the pleadings are closed within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to

> and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

FED. R. CIV. P. 12(c).

A motion pursuant to Federal Rule of Civil Procedure 12(c) "is designed to provide a means of disposing of cases when the material facts are not in dispute between the parties and a judgment on the merits can be achieved by focusing on the content of the competing pleadings, whatever is central or integral to the claim for relief of defense, and any facts of which the district court will take judicial notice. The motion for a judgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court." 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1367 (3d ed. 2004).

The Unites States Court of Appeals for the Third Circuit held in Corestates Bank, N.A. v. Huls America, Inc., 176 F.3d 187, 193 (3d Cir. 1999), that "a district court cannot grant summary judgment on the pleadings, and we may not affirm such a grant 'unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.'" Corestates Bank, N.A. v. Huls America, Inc., 176 F.3d 187, 193 (3d Cir. 1999)(quoting Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290 (3d Cir. 1988))(citing to Kruzits v. Okuma Mach. Tool, Inc., 40 F.3d 52, 54 (3d Cir. 1994)).

A review of the docket in this case reveals that material issues of fact remain to be resolved and that judgment on the pleadings is not appropriate. On August 23, 2002, plaintiff filed a motion for summary judgment. (Doc. No. 27). On December 6, 2002, defendant filed a

motion for summary judgment. (Doc. No. 32). On February 3, 2002, this court denied both parties' motions for summary judgment in a memorandum order. (Doc. No. 36). In that order, the court found: "After examining the record in this case, the court concludes that *genuine issues of material fact exist with respect to plaintiff's claims*. Therefore, the cross-motions for summary judgment will be denied." Pondexter v. Allegheny County Hous. Auth., No. 01-2161, slip op. at 1 (W.D. Pa. Feb. 3, 2003)(emphasis added). On November 4, 2003, plaintiff again filed a motion for summary judgment. (Doc. No. 66). The court denied that motion on November 7, 2003, holding that the court had already found that material facts are in dispute in this case. (Doc. No. 67). The court, therefore, finds that as material facts are in dispute in this case, a motion for judgment on the pleadings is not appropriate. Accordingly, plaintiff's motion for judgment on the pleadings is **DENIED**. (Doc. No. 100-1).

    b. Motion for Voluntary Dismissal or Compromise under Federal Rule of Civil Procedure 23 and Deposits in Court under Federal Rule of Civil Procedure 67 and 28 U.S.C. § 2041

In his second motion, plaintiff makes various claims for voluntary dismissal or settlement of this matter. First, plaintiff appears to reference Federal Rule of Civil Procedure 23(e) with respect to the court's power under that provision to approve settlements. FED. R. CIV. P. 23(e). Federal Rule of Civil Procedure 23 applies to class action lawsuits. This case is not a class action and plaintiff has never asserted class claims. Plaintiff's motion, in so far as he seeks relief under Federal Rule of Civil Procedure 23(e), is **DENIED**. (Doc. No. 100-2).

Plaintiff also demands, pursuant to Federal Rule of Civil Procedure 67, that the court order defendant to restore and/or reinstate the Housing Choice Voucher due to plaintiff's dire

need of housing or, in the alternative to order defendant to pay for plaintiff's housing costs at a commercial lodging facility.

>   Federal Rule of Civil Procedure 67 provides in relevant part:
>
>> In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of any other thing capable of delivery, a party upon notice to every other party, and by leave of court, *may* deposit with the court all or any part of such sum or thing, whether or not the party claims all or any part of the sum or thing....

FED. R. CIV. P. 67 (emphasis added). The court finds that Federal Rule of Civil Procedure 67 does not give the court the authority to order defendant to pay for plaintiff's commercial housing, nor does it give this court the authority to compel defendant to reinstate a housing voucher for plaintiff. The court finds that plaintiff's motion is in essence a motion for injunctive relief and that Federal Rule of Civil Procedure 67 is not applicable in that context. The court also notes that Federal Rule of Civil Procedure 67 is a rule that permits, but never requires a party to deposit money with the court. See Rogath v. Siebenmann, 941 F.Supp. 416, 425 (S.D.N.Y. 1996), vacated on other grounds, 129 F.3d 261 (2d Cir. 1997)(holding that, under Federal Rule of Civil Procedure 67, a court could not compel a seller of a painting to deposit proceeds of the sale with the court pending the outcome of an action for breach of warranty and breach of contract action and that Federal Rule of Civil Procedure 67 provides only for a voluntary, not a mandatory, deposit with the court). Federal Rule of Civil Procedure 67 does not permit a court to order a party to deposit funds. Plaintiff's motion with respect to relief under Federal Rule of Civil Procedure 67 is **DENIED**.[1]  (Doc. No. 100-2).

---

1. Plaintiff also cites to 28 U.S.C. § 2041 in his motion. That provision directs how money paid into courts in pending cases should be deposited. 28 U.S.C. § 2041. The provision is not
(continued...)

   c. <u>Motion for Preliminary Injunction and Temporary Restraining Order</u>

Plaintiff also moves for a preliminary injunction and a temporary restraining order. (Doc. Nos. 100-3 & 100-4). Federal Rule of Civil Procedure 65 sets out the procedure for obtaining injunctive relief. 11A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2941 (3d ed. 2004).

Injunctive relief is an extraordinary remedy and is not to be routinely granted. 11A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2942 (3d ed. 2004). Courts do not grant injunctive relief unless the right to relief is clear and plaintiff has no other adequate legal remedy. <u>Id.</u> at §§ 2942-3.

In determining whether to grant a preliminary injunction, the court is to consider the following four factors: (1) whether the movant has demonstrated a reasonable probability of success on the merits; (2) whether the movant will be irreparably harmed by the denial of injunctive relief; (3) whether the injunctive relief sought will result in greater harm to the non-movant; and (4) whether the injunctive relief sought is in the public interest. <u>Shire US Inc. v. Barr Laboratories, Inc.</u>, 329 F.3d 348, 352 (3d Cir. 2003); <u>Swartzwelder v. McNeilly</u>, 297 F.3d 228, 234 (3d Cir.2002); <u>Allegheny Energy, Inc. v. DQE, Inc.</u>, 171 F.3d 153, 158 (3d Cir.1999). It is well established that district courts are to engage in a balancing test to determine whether there is an overall need for a preliminary injunction. See <u>Oburn v. Shapp</u>, 521 F.2d 142, 147 (3d Cir. 1975) (stating that while the moving party generally must make a showing with regard to the first two prongs, the court is to weigh all relevant facts with regard to the four factors).

---

1. (...continued)
applicable to the issues in this case for the reasons articulated in the discussion pertaining to Federal Rule of Civil Procedure 67.

The court finds that plaintiff's motion for injunctive relief will be **DENIED** without prejudice.  Plaintiff makes no attempt to argue or brief any of the prongs of the test required for a temporary restraining order or preliminary injunction in his submission to the court.  Plaintiff, rather, makes conclusory statements about his need for and entitlement to relief, but did not brief how he meets each of the four prongs of the tests for injunctive relief.  This court cannot grant an extraordinary remedy as a temporary restraining order or preliminary injunction based upon conclusory statements and will deny this motion without prejudice.

### *Conclusion*

Therefore, this **17th** day of **November, 2005**, **IT IS HEREBY ORDERED** that plaintiff's motion for judgment on the pleadings (Doc. No. 100-1) is **DENIED**, plaintiff's motion for voluntary dismissal or compromise under Federal Rule of Civil Procedure 23 and deposits in court under Federal Rule of Civil Procedure 67 and 28  U.S.C. § 2041(Doc. No. 100-2) is **DENIED**, and plaintiff's motions for a temporary injunction and a preliminary injunction (Doc. Nos. 100-3 & 100-4) are **DENIED** without prejudice.

BY THE COURT:


/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge


cc: Earl A. Pondexter
    P.O. Box 2311
    Grant Street Station
    Pittsburgh, PA 15219

Thomas J. McPoyle  
Allegheny County Housing Authority  
625 Stanwix Street  
12th Floor  
Pittsburgh, PA 15222