IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EARL A. PONDEXTER,                           )
                                             )
                                             )
                    Plaintiff,               )
                                             )
          v.                                 )          Civil Action No. 01-2161
                                             )
                                             )
ALLEGHENY COUNTY HOUSING                     )
AUTHORITY,                                   )
                                             )
                                             )
                    Defendant.               )

MEMORANDUM ORDER

CONTI, District Judge

        Plaintiff Earl Pondexter ("plaintiff" or "Pondexter") filed a motion to disqualify this

judge from the above-captioned case, as well as the civil action docketed at 04-536, on October

10, 2005. (Doc. No. 101).  Defendant Allegheny County Housing Authority ("ACHA" or

"defendant") has not filed a response to the motion.

        Plaintiff's motion appears to be made pursuant to 28 U.S.C. § 455.  That provision

provides, in relevant part:

                    (a) Any justice, judge, or magistrate judge of the
                    United States shall disqualify himself in any
                    proceeding in which his impartiality might
                    reasonably be questioned.

28 U.S.C. § 455(a).  Section 455 also provides:

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceedings... .

28 U.S.C. § 455(b)(1).

Plaintiff makes several arguments in support of his motion.  First, plaintiff argues that I should be disqualified from this case because he has not received a speedy trial and motions filed by the plaintiff have not been quickly addressed.  Second, plaintiff argues that the cancellation of a status conference on July 29, 2005, was "questionable conduct."  Third, plaintiff argues that I abused my discretion in denying plaintiff's motion to disqualify defendant's counsel, Thomas McPoyle ("McPoyle").  Finally, plaintiff argues that I should be disqualified because the defendant was visited by a Deputy and a Senior Inspector of the United States Marshals.

The court will address each of plaintiff's arguments in turn.  The court will first address plaintiff's argument that he has not been granted a speedy disposition of this case.  The above-captioned case was trial ready as of January 13, 2004.  Plaintiff filed a motion requesting a continuance of the trial on that date.  (Doc. No. 82).   Plaintiff, at that time, stated that, due to psychological issues, he could not proceed with the trial as scheduled.  In an order dated January 15, 2004, this court, rather than dismissing the case for failure to prosecute, administratively closed the case, subject to plaintiff's request to re-open the matter. (Doc. No. 83).

Plaintiff moved to re-open this case on August 17, 2004.  On October 19, 2004, the court signed an order re-opening the matter[1]. (Doc. No. 87).  Despite the fact that the case was trial ready at the time of the court's order dated October 19, 2004, plaintiff filed a motion to disqualify McPoyle as defendant's counsel (Doc. No. 84), a motion to exclude privileged communications, a motion for admission of probative evidence, an amended motion to disqualify McPoyle, a motion to enforce the "Sanders Consent Decree", and a motion to amend his witness list. (Doc. No. 88).   This court, after receiving defendant's response to all motions, addressed each of those motions in orders dated February 23, 2005 and June 9, 2005.  (Doc. Nos. 94 & 96).

As a result of this court's ruling, the case was again trial ready.  On July 19, 2005, plaintiff, however, filed another motion seeking to disqualify McPoyle.  (Doc. No. 97).  This court, in an order dated August 31, 2005, denied plaintiff's motion.  (Doc. No. 99).  Plaintiff, that same day, filed a motion for judgment on the pleadings, a motion for voluntary dismissal or compromise, a motion for a preliminary injunction, and a motion for a temporary restraining order[2].  (Doc. No. 100).  This court denied plaintiff's motions in an order dated November 17, 2005.  (Doc. No. 103).  Plaintiff filed a motion to disqualify me from this case on October 3, 2005.  (Doc. No. 101).  Defendant did not respond to that motion.

Considering this procedural history, this court will deny plaintiff's motion for disqualification on the basis of procedural delays or lack of a speedy trial.  This case was prepared to go to trial on January 13, 2004.  The court administratively closed the matter only at

---

1.  This court's Order on Motion Practice provides a party thirty days to respond to such motions.

2.  Defendant did not respond to any of plaintiff's motions at Doc. No. 100.  The court issued its opinion after waiting more than 30 days for defendant's response.

3

plaintiff's request.  Plaintiff re-opened the matter seven months later.  Since that time, plaintiff

has filed twelve separate motions.  This court, as of this date, has ruled on all of them.  Plaintiff

has not proceeded to trial because of his continued insistence on filing numerous motions with

this court.

Plaintiff also seeks my disqualification due to the cancellation of a status conference on

July 29, 2005.  Pursuant to this court's order, the conference was to be conducted via telephone.

Chambers staff attempted to contact plaintiff at several different telephone numbers.  All of those

numbers were disconnected or inoperative.  The conference was cancelled due to the court's

inability to contact plaintiff.  The court notes that plaintiff has changed addresses over the past

few months.  It should also be noted that plaintiff presently lists his address at a post office box.

Finally, the court emphasizes that it is the responsibility of the party, not the court, to ensure that

the Clerk of the Court has an accurate and operative telephone number and address for that

litigant.

Plaintiff also seeks my disqualification on the ground that this court abused its discretion

in denying his motion to disqualify McPoyle in an order dated February 23, 2005[3].  That order

speaks for itself and the court finds that no further discussion is necessary.

_____

3.  Plaintiff also appears to be confused with the court ruling of June 9, 2005.  Plaintiff argues
that the court contradicted itself in its ruling.  That is not the case.   The court did not rule that
McPoyle could be called as a witness at trial in its June 9, 2005 order.  The court held that
McPoyle could be added to plaintiff's *witness list.*  The court also noted in its order, however,
that: "The court notes that while plaintiff's motions [to include McPoyle on the witness list] are
granted, the court has not determined whether the evidence or witnesses are relevant to this case
and, if appropriate, defendant may challenge the exhibit and the witnesses on relevancy grounds
by filing motions in limine." Pondexter v. Allegheny Co. Hous. Auth., No. 01-2161, slip op. at 3
(W.D. Pa. June 9, 2005).

Finally, plaintiff seeks my disqualification due to a visit he received from the United States Marshals. Plaintiff was visited by United States Marshals after comments made by him on the record during a status conference held on April 19, 2005, in the case docketed at Civil No. 04-536.

The court finds that none of plaintiff's grounds for disqualification are valid and mandatory recusal is not necessary in this instance. Recognizing that plaintiff does have concerns about my ability to be fair and impartial, due in part to his statements made on the record at the April 19, 2005, status conference, I will voluntarily recuse myself from this action as well as any other matter related to plaintiff. The court believes that this action will best serve to assuage any of plaintiff's concerns and will ensure that he feels he is treated fairly and impartially by the court. Another judge will be assigned to handle this matter as well as the case docketed at Civil Action No. 04-536.

*Conclusion*

Therefore, this 18th day of November, 2005, **IT IS HEREBY ORDERED** that

plaintiff's motion to disqualify (Doc. No. 101) is **DENIED**.  I will, however, recuse myself from

any further proceedings at Civil Action Nos. 01-2161 and 04-536 as well as any future matters

pertaining to plaintiff.


BY THE COURT:


/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge


cc:  Earl A. Pondexter
     P.O. Box 2311
     Grant Street Station
     Pittsburgh, PA 15219

     Thomas J. McPoyle
     Allegheny County Housing Authority
     625 Stanwix Street
     12th Floor
     Pittsburgh, PA 15222